194 So. 556

**J. R. RAIBLE CO. v. STATE TAX COMMISSION et al.**

**3 Div. 814.**

Court of Appeals of Alabama.
Oct. 3, 1939.

Rehearing Denied Oct. 31, 1939.

Affirmed on Mandate Feb. 27, 1940.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for appellant.

SAMFORD, Judge.

On the 2nd day of August, 1938, plaintiff filed a suit against the State Tax Commission of Alabama consisting of two counts. Count 1 claimed the sum of $554.07, with interest, from the 8th day of June, 1938, being the amount of tax paid under protest to the State Tax Commission, which was assessed against this plaintiff under what is commonly known as the "Gross Receipts Act." This count of the complaint averred that the plaintiff had never been engaged in any of the businesses upon which a tax was imposed and averred affirmatively that it had at all times been engaged only in the business of the manufacture of barrels and staves.

Benners, Burr, McKamy & Forman, of Birmingham, amici curiæ.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley, Counsel, Dept. of Revenue, and J. Edw. Thornton, Asst. Counsel, both of Montgomery, for appellees.

Count 2 of the complaint claimed the sum of $160.35, with interest from the 8th day of June, 1938, being the amount of the tax paid by the plaintiff, under protest, assessed against it under the so-called "Gross Sales Tax." This count also avers that the plaintiff was never engaged in any of the businesses upon which the tax was imposed.

The plea was in short by consent with leave to give in evidence any matter as if the same had been specially pleaded. The

cause was tried by the court without the intervention of a jury and judgment was rendered for the defendant, to which proper objections and exceptions were made.

The facts as shown by the record appear to be that the plaintiff was engaged solely in the business of manufacturing barrels and kegs. The barrels are used by those for whom they were manufactured as containers for dry powder, chemical powders, fish, bolts, nuts, pipe fittings, meat and articles of similar nature. The average price of these barrels is sixty-three cents each, and there is a differential between the price at which commodities are sold in barrels and the same commodities sold in bulk. The barrel price is more than the bulk price.

There is a market for these second hand barrels and the value of these second hand barrels is from thirty-five to fifty per cent of the price new. The plaintiff has no warehouse or building in which it stores manufactured goods or keeps them for sale to the general public and it does not sell to the general public but has customers with definite specifications or sizes of barrels and kegs and this company manufactures to fill these orders. Plaintiff has a license to do business in Birmingham which authorizes it to do a cooperage business.

The plaintiff has been in Alabama for about thirty years and has never paid any store license in the State, and there has never been any demand made on it to pay any store license until 1938. Plaintiff has never conducted any place of amusement and does not own or operate what is commonly known as a commissary or company store. It is engaged exclusively in the cooperage business.

It is admitted that the plaintiff paid to the State of Alabama the amounts as set out in the complaint and the amounts stated in the complaint, and that these payments were made under protest and that the returns were made under protest.

The plaintiff does not have any warehouse or large sheds in this State, and only has manufacturing plants which do not necessarily have large floor space. Plaintiff's Birmingham plant is not much larger than the court room, and the Alabama City plant is about twice as large.

There is machinery in these plants for assembling barrels and kegs. This machinery occupies about half of the floor space and the other half is used for storing materials which come in from the mills. The company does not keep any barrels on hand, but when a carload is made up it is shipped out. The company makes up carload lots and on special orders might make up less than carload lots on special sizes. The company has restrictions against handling small quantities as a matter of practical business and have on occasions, as a matter of accommodation, gotten out barrel orders for people who wanted to pack and given them away rather than sell them.

The undisputed evidence, as testified to by plaintiff's Vice President, is that the firms to which the plaintiff sells barrels do not resell them as empty barrels, but they use them as containers. This company does not sell to consumers, but these barrels are sometimes sold three or four times. This plaintiff is a manufacturer and the goods are sold to wholesalers. This company sells to wholesalers and also repairs barrels.

There are other parties who deal in second hand barrels; buying them all over the country.

After an examination of plaintiff's books by the agent of the State Tax Commission, there was demanded by the State Tax Commission, through its agent, a store license of $1 for one store and $15 for two stores.

As we see it, the one question for our decision is whether or not the plaintiff, who is solely engaged in the manufacture of barrels and kegs, is subject to the "Gross Receipts Tax" as provided by the Acts of the Legislature, Special Session 1936-37, page 1, or is the plaintiff subject to the tax provided by the "Sales Tax Act", Special Session 1936-37, page 125.

■ In construing taxing Statutes, which are of doubtful effect, the tax payers must be given the benefit of the doubt and such Statutes must be construed in favor of the tax payer and against the State. State v. H. G. Fain Service Station, 23 Ala.App. 239, 124 So. 119; Jefferson County v. Smith, 23 Ala.App. 421, 125 So. 401; Hill Grocery Co. v. State, 26 Ala.App. 302, 159 So. 269; Azar v. State, 27 Ala.App. 49, 166 So. 811.

■ It is conceded by the appellee that neither Section One of the "Sales Tax Act" (General Acts 1936-37, Sp.Sess. page 125) nor Section Two of the "Gross Receipts Act" (General Acts 1936-37, Sp.

Sess. page 1), standing alone, levies the tax contended for by the State, but that the two Acts must be construed together. This is true, but in order to ascertain the legislative intent the two Acts as a whole must be construed together in the light of existing facts and conditions known to all men, of which courts take judicial notice. Lone Star Cement Corp. v. State Tax Commission, 234 Ala. 465, 175 So. 399.

The Act of the Legislature known as the "Gross Receipts Act", Special Session 1936–37, page 1, is an amendment to the "Revenue Act" of 1935, Schedule 155.4, § 348, page 505, 506.

■ It is also held by our Supreme Court that: "To arrive at the real meaning of a statute the courts should consider the prior law, the mischief or defect for which it had not provided, the remedy appointed by the legislature, the reason for such remedy, and the external historical facts which led to its enactment, and the statute will be so construed as to affect the purpose for which it was intended." American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206, 209.

Schedule 155.4 of the Revenue Act, General Acts 1935, p. 506, provides: "Every person, firm, corporation, association or co-partnership opening, establishing, operating or maintaining one or more stores or mercantile establishments, within this State, under the same general management, supervision or ownership, shall pay the license fees hereinafter prescribed for the privilege of opening, establishing, operating or maintaining such *stores* or *mercantile establishments.*"

Section 1 of an Act of the Legislature, Approved Dec. 17, 1936, General Acts 1936–37, Sp.Sess., p. 1, provides: "Section 348—Schedule 155.4A. Every person, firm, corporation, association or co-partnership opening, establishing, operating or maintaining one or more retail stores or retail mercantile establishments within the State, whether under one general management or not, shall, in addition to all other licenses or taxes of whatever kind now levied by law, pay to the State of Alabama, as a license or privilege tax for the privilege of doing *such* business, an amount equal to one and one-half per cent (1-½%) on the gross sales of said business."

Section 2, Subdivision (a), of An Act of the Legislature, Approved Feb. 23, 1937, General Acts 1936–37, Sp.Sess., pp. 125,

126, levies a two per cent sales tax upon every person, firm, corporation, or association engaged or continuing within this State in business of selling at retail any tangible personal property whatsoever.

As was said by Knight, Justice, in Nachman et al. v. State Tax Commission et al., 233 Ala. 628–633, 173 So. 25, 29: "It was manifestly the purpose of the Legislature, by the adoption of the act in question, to extend the provisions of the General Revenue Law (Gen.Acts 1935, pp. 256, 441 et seq.), and particularly section 348, to include a gross receipts tax [sales tax], as a privilege or license tax, on persons, firms, corporations, associations, and partnerships engaged in or operating certain *designated* businesses in the State of Alabama, 'in addition to all other licenses or taxes of whatever kind now levied by law.' " (Emphases ours.)

■ Taking all of these Statutes into consideration and weighing them in the light of the external historical facts which led to their enactment, we hold that the tax levied was intended to be levied against store keepers, traders, merchants and the like, and does not apply to persons, firms, or corporations engaged solely in manufacturing, whether their products are sold in large or small quantities.

According to the weight of authority the term "manufacturer" is distinguishable from "dealer", "jobber", "mechanic", "merchant", "seller", and "tradesman", and none of the terms used in the Statute, under which appellee claims taxes, includes a manufacturer engaged solely in that business. According to common understanding "manufacturer" and "merchant", "seller" and "dealer", are distinguishable terms. A "merchant" sells to earn profit, a "manufacturer" sells to take profit already earned.

In the case of Chattanooga Plow Co. v. Hays, 125 Tenn. 148, 140 S.W. 1068, 1069, "the marked distinction between a manufacturer and a merchant is that the merchant, or dealer, sells to earn a profit, and the manufacturer sells to take profit already earned. He must buy the materials out of which to make his finished product, and he must sell the product of his factory after it is finished. But such dealings are not his occupation. The one supplies him with the materials with which to pursue it, while the other merely enables him to take the profit earned." 38 C.J. 969(13)c, Note 36.

■ A very comprehensive statement of the rule of distinction between a "mer-

chant" and a "manufacturer" is to be found in 38 C.J. 969, in which it clearly appears that if a license tax is to be levied upon a person engaged solely in manufacturing articles of commerce, such intention by the Legislature must be clearly expressed, and such a license cannot be included under a license on "merchants", "traders", "jobbers", and the like.

Of course, a manufacturer may deal as a merchant if he manufactures his stock in trade and offers it for sale as a merchant or trader. He thereupon would place himself in the class requiring the payment of the license as fixed by the Statute, as was the case in Tennessee Coal, Iron & R. Co. v. State, 235 Ala. 152, 177 So. 905.

In the instant case, however, there is no evidence justifying a finding that the plaintiff was other than a manufacturer dealing as such with the articles which it manufactured.

It follows, therefore, that the judgment of the trial court must be reversed and the cause is remanded.

Reversed and remanded.

### On Rehearing.

It is a rule too well established to require the citation of authority that in construing Revenue Statutes or Statutes levying a license or tax upon the citizen any uncertainties must be resolved in favor of the tax payer. Unless the tax levied is clear and unequivocal, it cannot be enforced.

We do not find any evidence in this record which would justify a finding that the plaintiff was other than a manufacturer, and such sales of its products that were made were incidental to its business as a manufacturer and not as a merchant; and, in none of the Statutes, do we find this license tax levied against manufacturers on sales made by them as such manufacturers.

The opinion is amplified and extended, and the application for rehearing is overruled.

Application overruled.

### PER CURIAM.

Affirmed on authority of Raible Co. v. State Tax Commission, 239 Ala. 41, 194 So. 560.